UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CECILIO SAUCEDA-RAMIREZ, ET AL, § <br> Petitioners, § <br> § <br> v. § <br> § CIVIL ACTION NO. B-98-129 <br> HON. JANET RENO, UNITED STATES § <br> ATTORNEY GENERAL, AND § <br> E.M. TROMINSKI, INS § <br> DISTRICT DIRECTOR, § <br> Respondents. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### PARTIES

1. Petitioner Cecilio Sauceda-Ramirez, (Sauceda) is a native of Mexico who has been admitted as a lawful permanent resident of the United States since 1955.

2. Petitioner Fernando Ramirez-Silva (Ramirez) is a native and citizen of Mexico who has been a lawful permanent resident of the United States since 1964.

3. Petitioner Juan Vargas, (Vargas) is a native and citizen of Mexico who has been a lawful permanent resident of the United States since 1971.

4. Petitioner Pablo Martinez, (Martinez) is a native and citizen of Mexico who has been a lawful permanent resident of the United States since 1984.

5. Respondent Janet Reno (Respondent) is the Attorney General of the United States.

6. Respondent E.M. Trominski (Respondent) is the District Director of the Immigration and Naturalization office in Harlingen, Texas.

### BACKGROUND

Petitioners are natives of Mexico who have been lawful permanent residents of the United States for a number of years. Each of the four Petitioners has three convictions for driving while

1

intoxicated (DWI).

Respondents seek to deport Petitioners to Mexico under 8 U.S.C. § 1227(a)(2)(A)(iii). Before the court are the following motions:

1. Petitioners' First Amended Petition for Habeas Corpus and Complaint for Declaratory Relief;

2. Petitioners' (Opposed) Motion for Class Certification with Incorporated Points and Authorities;

3. Petitioners' (Opposed) Motion for Discovery with Incorporated Points and Authorities;

4. Petitioners' Motion for Partial Summary Judgment;

5. Petitioners' Renewed Request for Class Certification and Partial Summary Judgment;

6. Respondents' Motion to Dismiss;

7. Respondents' (Opposed) Motion to Hold in Abeyance;

## STANDARD

Removal proceedings begun after April 1, 1997 are subject to the permanent rules of the Immigration and Nationality Act (INA) as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *Tung v. Meissner*, No. CIV. A. 4:98-CV-1127-Y, 2000 WL 725705, *2 (N.D. Tex. March 24, 2000). See *Max-George v. Reno*, 205 F.3d 194, 197 n. 3 (5th Cir. 2000).

Here, removal proceedings began against Ramirez on March 25, 1998, and against Sauceda with the issuance of the Notice to Appear on August 24, 1998. *First Am. Pet. for Habeas Corpus and Compl. for Declaratory J.* at 5; *Withdrawal of Mot. for Prelim. Inj. and Advisal of Potentially Dispositive Case Pending at the Fifth Circuit*, Exhibit C. Removal proceedings have not yet begun against Vargas and Martinez. As each of Petitioners' proceedings have or will have begun after April 21, 1997, the permanent rules will govern their immigration proceedings.

2

## ANALYSIS

I.  Petitioner's Motion for Habeas Corpus and Complaint for Declaratory Relief

    A.  Habeas Corpus

        1.  Ramirez

Petitioner Ramirez requests a writ of habeas corpus. *First Am. Pet. for Habeas Corpus and Compl. for Declaratory J.* at 10.

8 U.S.C. § 1252 (a)(2)(C) states that: "notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed an [aggravated felony.]..." 8 U.S.C. § 1252 (a)(2)(C); 8 U.S.C. § 1227 (a)(2)(A)(iii). An aggravated felony is a crime of violence for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). Texas felony driving while intoxicated is a crime of violence. *Camacho-Marroquin v. Immigration and Naturalization Service*, 188 F.3d. 649, 652 (5th Cir. 2000). Section 49.09(b) of the Texas Penal Code states that driving while intoxicated is a third degree felony if the person has two prior DWI convictions. TEX. PEN. CODE ANN. § 49.09(b).

Ramirez was ordered deported on June 26, 1998. *First Am. Pet.* at 5. Thus, there is a final order of removal. Ramirez has three convictions for DWI and was sentenced to two years imprisonment for his third offense. *First Am. Pet.* at 4. As such, he has committed a crime of violence and an aggravated felony under §§ 1252, 1227. Thus, under § 1252 (a)(2)(C), this court lacks jurisdiction to review the deportation order, and habeas relief on this issue should be DENIED.

        2.  Sauceda

Petitioner Sauceda likewise seeks habeas relief. *First Am. Pet.* at 10.

The IIRIRA states that judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this subsection. 8 U.S.C. § 1259 (b)(9).

Here, Sauceda appears to have begun removal proceedings, as demonstrated by his arrest by the INS and issuance of the Notice to Appear, but has not yet been issued a final order of

3

deportation. *Withdrawal of Mot. for Prelim. Inj. and Advisal of Potentially Dispositive Case Pending at the Fifth Circuit,* Exhibit C; *First Am. Pet.* at 5. As such, under § 1259 (b)(9), this court lacks jurisdiction to review this petition, and habeas relief on this issue should be DENIED.

### B. Declaratory Judgement

Petitioners request that the court issue the following three declaratory judgements:

1. Driving while intoxicated, as defined in § 49.09 of the Texas Penal Code, is neither a crime of violence nor a crime of moral turpitude, as defined in 8 U.S.C. § 1227(a)(2)(A)(i) and 8 U.S.C. § 1101(a)(43)(F);

2. Construing a violation of § 49.09 as a crime of violence or crime of moral turpitude would be a retroactive application of the law, violating equal protection, due process, and the Fifth Amendment; and

3. The restriction of waivers of inadmissibility under 8 U.S.C. § 1182(h) to persons who have never been lawful permanent residents, while excluding lawful residents such as Petitioners, violates equal protection, due process, and the Fifth Amendment. *First Am. Pet.* at 1-2.

As illustrated in section I.A.2 above, all issues pertaining to removal must be raised and resolved in an appeal from an immigration order. As such, this court lacks jurisdiction to grant the requested judgments, and the declaratory relief should be DENIED.[1]

### II. Petitioners' Motion for Class Certification / Renewed Request for Class Certification

Petitioners request that their claims be certified as a class action. *Pet'r's (Opposed) Mot. for Class Certification with Incorporated Points and Authorities* at 1; *Renewed Request for Order Granting Class Certification, and Partial Summ. J., or for Hr'g Thereon* at 1.

---

[1] Declaratory relief is unavailable for other reasons: (1) Driving while intoxicated is a crime of violence and an aggravated felony. *Camacho-Marroquin v. Immigration and Naturalization Service,* 188 F.3d 649, 652 (5th Cir. 1999). (2) There is no unconstitutional retroactivity, as Congress has the power to make an alien's past criminal conduct subject to present or future deportation notwithstanding the fact that the alien could not have been deported for the act at the time it was committed. *Max-George v. Reno,* 205 F.3d 194, 200 (5th Cir. 2000).

4

As illustrated in sections I.A.2 above, all issues pertaining to removal must be raised and resolved in an appeal from an immigration order. As such, this court lacks jurisdiction to review Petitioners' request, and class certification should be DENIED.[2]

### III. Petitioners' Motion for Discovery

Petitioners request discovery on class certification issues. *Pet'r's (Opposed) Mot. for Disc. with Incorporated Points and Authorities* at 1.

As the court has denied Petitioners' request for class certification in section II above, discovery on this issue would not be appropriate at this time. Thus, Petitioners' request for discovery should be DENIED.

### IV. Petitioner's Motion for Partial Summary Judgment / Renewed Request for Partial Summary Judgment

Petitioners assert that construing a "crime of violence," under 8 U.S.C. § 1101(a)(42)(F), to include the offense of driving while intoxicated, and applying such construction to offenses which occurred prior to *Camacho-Marroquin v. INS, Matter of Puente-Salazar,* and *Matter of Magallanes,* renders 8 U.S.C. § 1101(a)(43)(F) void for vagueness. *Pet'r's Reply to Resp't's Answer to Pet'r's Mem. Regarding Status of the Case and Pet'r's Mot. for Partial Summ. J. with Incorporated Points and Authorities* at 1; 8 U.S.C. § 1101(a)(42)(F); *Camacho-Marroquin v. INS,* 188 F.3d 649 (5th Cir. 1999); *Matter of Puente-Salazar,* I.D. 3412 (BIA 1999); *Matter of Magallanes,* I.D. 3341 (BIA 1998).

Petitioners request summary judgment on this issue. *Pet'r's Reply to Resp't's Answer to*

---

[2] Moreover, the requirements for class certification cannot be met. One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Here, the Petitioners are at varying stages of removal proceedings: either under an order of removal, undergoing proceedings, or have not yet begun proceedings. As such, the claims and defenses at these stages are not typical of the class, and class certification is not appropriate.

*Pet'r's Mem. Regarding Status of the Case and Pet'r's Mot. for Partial Summ. J. with Incorporated Points and Authorities* at 1; *Renewed Request for Order Granting Class Certification, and Partial Summ. J., or for Hr'g Thereon* at 1;

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, (1986).

Here, Petitioners' argument fails for two reasons: First, driving while intoxicated is a crime of violence. *Camacho-Marroquin v. Immigration and Naturalization Service*, 188 F.3d. 649, 652 (5th Cir. 2000). Second, Congress has the power to make an alien's past criminal conduct subject to present or future deportation, even though they could not have been deported for such conduct at the time they committed it. *Max George v. Reno*, 205 F.3d 194, 200 (5th Cir. 2000).

As such, there remains a genuine issue of material fact, and Petitioner's motion for summary judgment on this issue should be DENIED.

## V. Respondents' Motion to Dismiss

Respondents request that the court dismiss Petitioners' Writ of Habeas Corpus, Complaint for Declaratory Judgment, Motion for Preliminary Injunction, and Request for Temporary Restraining Order. *Resp't's Return and Br. In Opp'n to Pet. for Habeas Corpus and Compl. for Declaratory J. and Resp't's Mot. to Dismiss* at 1. Respondents assert that the court lacks jurisdiction under 8 U.S.C. 1252(d), and that driving while intoxicated constitutes a crime of violence under *In re Magallanes-Garcia. Id; In re Magallanes-Garcia*, Int. Dec 3341 WL 133301 (BIA Mar. 19 1998).

As the issues raised in this motion have been addressed by the above rulings, and Petitioners' claims dismissed on different grounds, Respondents' motion should be DENIED.[3]

---

[3] Petitioners' Request for Temporary Restraining order was denied. *District Court Order*, September 9, 1998 at 1. (Docket No. 3) Petitioners' Motion for Preliminary injunction was withdrawn. *Withdrawal of Mot. for Prelim. Inj. and Advisal of Potentially Dispositive Case*

## VI. Respondent's Motion to Hold in Abeyance

Respondent requests that the court delay ruling on Petitioners' motions until the Fifth Circuit has ruled in *Camacho-Marroquin v. INS*. Resp't's (Opposed) Mot. to Hold in Abeyance at 1; *Camacho-Marroquin v. INS*, 188 F.3d 649 (5th Cir. 1999).

Because the Fifth Circuit has recently ruled on this case, Respondent's motion is now moot. As such, Respondent's Motion to Hold in Abeyance should be DENIED.

## RECOMMENDATION

For the reasons set forth above,

1. Petitioners' First Amended Petition for Habeas Corpus and Complaint for Declaratory Relief (Docket No. 6) should be DENIED;

2. Petitioners' (Opposed) Motion for Class Certification with Incorporated Points and Authorities (Docket No. 8) should be DENIED;

3. Petitioners' (Opposed) Motion for Discovery with Incorporated Points and Authorities (Docket No. 7) should be DENIED;

4. Petitioners' Motion for Partial Summary Judgment (Docket No. 23) should be DENIED;

5. Petitioners' Renewed Request for Class Certification and Partial Summary Judgment (Docket No. 25) should be DENIED;

6. Respondents' Motion to Dismiss (Docket No. 10) should be DENIED; and

7. Respondents' (Opposed) Motion to Hold in Abeyance (Docket No. 11) should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

---

*Pending in the Fifth Circuit* at 1. (Docket No. 5).

7

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 29th day of June, 2000.

_____
Felix Recio
United States Magistrate Judge

8